IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JAN 2 0 2004

*Robert M. March*
CLERK
BY _____ DEP. CLERK

ORLANDA WAUNEKA, on her own
behalf, and as parent and next friend of
Orren Lee, a minor,

    Plaintiff,

vs.

No. CIV 03-0062 LCS/KBM

UNITED STATES OF AMERICA,

    Defendant.

ORIGINAL
KBM

**FINDINGS OF FACT AND
RECOMMENDED DISPOSITION[1]**

THIS MATTER is before the Court on an application for approval of a settlement between Plaintiff Orlanda Wauneka, her minor child, Orren Lee and Defendant United States of America. Court approval is necessary because of the presence of the minor child.[2] Having heard the presentations of counsel, along with the testimony of Orlanda Wauneka, the Court finds:

---

[1] Parties were advised of the right to file objections to these recommendations within ten days pursuant to 28 U.S.C. § 636(b)(1). In order to expedite this settlement, the parties have waived any objections.

[2] The general rule is that the court must give approval to a settlement when minor children are involved. The court "has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself." Garcia v. Middle Rio Grande Conservancy Dist., 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App.1983), overruled on other grounds by Montoya v. AKAL Sec., Inc., 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).



1. On January 16, 2003, Orlanda Wauneka, on her own behalf and as the parent and Next Friend of Orren Osborne Lee, a minor, filed a Complaint for Medical Negligence against Defendant United States of America. Plaintiff claims that Orren Lee's subdural hematoma was not timely diagnosed causing cognitive injuries as a result of this negligence. [Complaint]

2. The medical treatment complained of occurred at the Gallup Indian Medical Center, owned and operated by the Indian Health Service as part of the Department of Health and Human Services. The employees of this facility involved in Orren Lee's care are federal employees and were at all times acting within the course and scope of their employment.

3. The parties participated in a settlement conference with this Magistrate Judge and were able to reach a settlement subject to the Court's approval. The terms of the settlement include a payment of Three Hundred Seventy-Five Thousand Dollars ($375,000.00) a portion of which will be structured as contained in Plaintiffs' Settlement Report to Court attached hereto as Exhibit 1.

4. On January 20, 2004, the Court held a hearing on the parties application for approval of the settlement. Counsel for Plaintiffs and Defendant attended the hearing telephonically as did Orlanda Wauneka.

5. The terms of the settlement are that Defendant shall pay the sum of $375,000.00 to Plaintiffs for a complete release from all claims they have presented, or may have presented in the future. Specific terms of the settlement are set out in Exhibit 1.[3]

---

[3] Terms included structuring portions of the settlement for Orren Lee.

8. Counsel for Defendant questioned Orlanda Wauneka and elicited that she was aware she was not required to enter into this settlement nor had anyone coerced or forced her to settle this claim. She understood that at trial she might have received a judgment with more money, less money or that a verdict may have been entered if favor of defense. She stated that she was satisfied with the settlement, felt it was fair and asked the Court to approve the settlement. She was satisfied with the work of her attorneys and had no complaints with how the defense was conducted in this case.

9. Orlanda Wauneka acknowledged that she understood that this settlement was all the money she and her child, Orren Lee, would receive from the Defendant for these claims regardless of whether Orren Lee's condition worsened. She is aware that she cannot seek any more money from the United States for herself or her child.

10. Orlanda Wauneka is aware that the settlement is contingent upon approval of the trial judge's acceptance of the Magistrate Judge's recommendation to approve the settlement.

## Conclusion of Law

After consideration of the evidence, the presentations of counsel and the guardian ad litem's report and recommendation, the undersigned Magistrate Judge concludes that the Court has jurisdiction over the parties and subject matter, and further concludes that this settlement is in the best interest of Orlanda Wauneka and her minor child Orren Lee. Therefore the Court recommends that the settlement be approved.

_____
Karen B. Molzen
United States Magistrate Judge

*Exhibit 1*

## ROSENFELT, BUFFINGTON & BORG, P.A.
Attorneys at Law
1805 Carlisle NE
Albuquerque, NM 87110


DRAFT

### Accounting of Settlement Proceeds of ORREN LEE, A MINOR
### against United States of America.

**TOTAL SETTLEMENT:**                                          $375,000.00

From the total settlement amount, deduct the following items:

A.  **Attorney fees:**
    25% of $375,000.00 =                    $ 93,750.00
    Gross receipts tax (5.8125%)              5,449.22

                            Total Attorney Fees & Taxes    $99,199.22

B.  **Expenses:**
    <u>Taxable:</u>
    Facsimile                             $ 44.50
    Photocopies                           $431.60
    Postage                               $ 69.76
    Set-up Fee for toll free calls, etc.  $ 50.00
        Subtotal:                         $595.86
    Gross receipts tax at (5.8125%)       $ 34.63
        Subtotal:                         $630.49

    JAN 20 2004

    <u>Non-Taxable:</u>
    Filing Fees                           $ 150.00
    Long Distance                         $  14.72
    Outside Duplicating                   $  36.66
    Process Server                        $  60.32
    Expert Witnesses                      $3,304.53
    Deposition Transcripts                $ 221.68
    Medical/Police Records                $ 129.40
    Mileage/Parking                       $ 146.01
        Subtotal:                         $4,063.32

                                    Total Expenses    $ 4,693.81

    **TOTAL FEES AND EXPENSES**                       $103,893.03

C.  **Estimate of Potential Liens and Letters of Protection:** (Amounts are approximate)
    Dr. Gerald Fredman              $ 1,186.90
    Dr. Mark Berger                 $   190.00
    Dr. John Henry Sloan            $   325.00
    University Physician Associates $ 8,375.50

**ROSENFELT, BUFFINGTON & BORG, P.A.**
Accounting of Settlement Proceeds of Orren Lee, a minor
(Page 2)

|  |  |
|---|---|
|  | $ 10,077.40 |
| TOTAL DEDUCTIONS | $113,970.43 |
| BALANCE TO ORREN LEE, a minor to be distributed as follows: | $ 261,029.57 (approximate) |
| CASH: | $ 75,000 |
| Structured Financial Associates Tax-Free Annuity Pay-out Schedule Option 4 (guaranteed monthly payments for 20 years): | $ 175,000 |
| Monthly from 2/8/2005-1/8/2008 | $ 724.75 |
| Lump Sum on 1/8/2008 (age 21) | $10,000.00 |
| Monthly from 2/8/2008-1/8/2017 | $ 724.75 |
| Lump Sum on 1/8/2017 (age 30) | $30,000.00 |
| Monthly from 2/8/2017-2025 | $ 724.75 |
| ADDITIONAL AMOUNT TO BE HELD IN TRUST FOR POTENTIAL LIENS | $11,029.57 (approximate) |

**Client Approval:**

The foregoing settlement accounting has been reviewed and accepted by the client. The attorneys are authorized to make disbursements in accordance with the foregoing settlement summary.

_____              _____
Orlanda Wauneka, parent and next friend to Orren              Date
Lee, a minor

**Attorney Approval:**

The foregoing settlement accounting is acceptable to the attorneys and they agree to make disbursements in accordance with the foregoing settlement summary.

2